**SARTHER GROCERY CO., Inc., v. COMMISSIONER OF INTERNAL REVENUE.**

**No. 4738.**

Circuit Court of Appeals, Seventh Circuit.

Jan. 27, 1933.

Irwin T. Gilruth, of Chicago, Ill., and Lee I. Park, of Washington, D. C., for petitioner.

G. A. Youngquist, Asst. Atty. Gen., and J. Louis Monarch and Erwin N. Griswold, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and J. M. Leinenkugel, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before ALSCHULER and SPARKS, Circuit Judges, and WILKERSON, District Judge.

### ALSCHULER, Circuit Judge.

Petitioner, an Illinois corporation, under its prior name of Great American Stores Company, owned and conducted a chain of grocery stores in the vicinity of Chicago. It owned also all the capital stock of the Sterling Baking Company, an Illinois corporation conducting a bakery. Of petitioner's capital stock of 2,500 shares, John M. Sarther owned 2,473 shares, E. A. Sarther 10, Ramsperger 16, and Wetzell 1.

After negotiations with representatives of the National Tea Company, a corporation in similar business, petitioner and the tea company, under date of December 10, 1927, entered into a written contract whereby petitioner agreed to sell to the tea company substantially all its property and assets, consisting of grocery stocks, fixtures and appliances, and certain real estate, including also all the property of the Sterling Baking Company, and including also the good will of the business of both corporations (but not including one certain account receivable for $16,500) for the sum of $375,000 in cash. The agreement provided that the Stores Company should change its name, and upon consummation of the agreement should dissolve and terminate its corporate existence; and that the consideration, as paid, should be distributed to petitioner's stockholders. The agreement was consummated within the taxable year, and the consideration was paid over to petitioner's stockholders, after payment of the corporate debts, and the corporations were dissolved accordingly.

Respondent determined petitioner's tax upon the basis of the transaction being a sale of the corporate assets, and that the profit accruing thereon was taxable to petitioner. This view was sustained by the Board of Tax Appeals, which denied petitioner's demand for redetermination of the tax.

Petitioner insists that the proceeds did not pass or inure to petitioner, but to its individual stockholders, and that, in any event, under the applicable sections of the statute the transaction was a reorganization and not a sale, and that no taxable profit to petitioner resulted.

The subject-matter of the contract was the property of petitioner in its corporate capacity, and the transaction bore every incident of a sale, including its denomination as such by the parties.

If instead of selling its assets petitioner had sold only a part, say, one store or one piece of real estate, any profit realized thereon would surely have been income of petitioner; and the fact that petitioner thereafter distributed to its stockholders the avails of such sale would not avoid the conclusion that the profits were income of the corporation. We cannot see how the sale by the corporation of its entire assets, instead of only part, would alter the conclusion in this regard.

The case of Shellabarger v. Commissioner, 38 F.(2d) 566, decided by this court, is relied on as holding that, upon assignment by the beneficiary of a trust of part of the income therefrom, the assigned income is taxable to the assignee and not to the assignor. That case was peculiar in its facts. The assignee there was one of the heirs of the settlor of the trust, and she had taken steps to bring suit to break the will whereby the trust was created, and under which she had been practically disinherited. It was in settlement of this threatened litigation, which, had it progressed, might have resulted in the abrogation of the trust, that the assignment to this heir of part of the income was made. We held that under the peculiar terms of the will respecting the manner of payment of the income under the trust the assignor, to whom the income was required to be originally paid, became but a conduit for passing to the assignee her stipulated part of the income; and that, under those circumstances, that part of the income which went to the assignee did not become income of the assignor.

In the instant case there was a voluntary sale of the corporate property, and a voluntary distribution by the corporation to the

stockholders of the proceeds of the sale. That the purchaser, for its own purposes, had insisted upon corporate dissolution of the seller and distribution of the proceeds among the shareholders, made the sale and distribution none the less the voluntary acts of the selling corporation. The profit arising therefrom was profit of the selling corporation, and was taxable as such unless the transaction should be regarded as effecting a reorganization under sections 201 to 204 of the Revenue Act of 1926 (26 USCA §§ 932–935).

This has been settled by the Supreme Court adversely to petitioner's contention in Pinellas Ice & Cold Storage Co. v. Commissioner, 53 S. Ct. 257, 77 L. Ed. —— (decided January 9; 1933), where, under facts quite parallel to those here, it was held that such a transaction was not a reorganization under the statute, and that the profit arising from sale of the corporate property was properly taxable to the corporation. The court cited with approval Cortland Specialty Co. v. Commissioner (C. C. A.) 60 F.(2d) 937, where the same conclusion was reached, and in which case the facts were strikingly like those here. Certiorari denied January 16, 1933, 53 S. Ct. 316, 77 L. Ed. ——. In view of these cases there is no occasion for our further discussing this proposition.

The Board of Tax Appeals properly denied the petition for redetermination, and its order is affirmed.